UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:16-CR-00055-DCLC-CRW |
| | ) | |
| v. | ) | **FILED UNDER SEAL** |
| | ) | |
| DAVID LEE SICILIA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant David Lee Sicilia's *pro se* Motion for Compassionate Release [Doc. 1070] pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated herein, Defendant's Motion [Doc. 1070] is **DENIED**.

**I. BACKGROUND**

On March 7, 2017, Defendant pleaded guilty to conspiring to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 846 and 841(a)(1), (b)(1)(A) [Docs. 449, 463]. In August 2017, the Court sentenced Defendant to a term of 188 months' imprisonment [Doc. 817]. Almost three years later, Sicilia filed his first motion for compassionate release, asking the Court to release him because of his "heart problem" and the COVID-19 pandemic [Doc. 992, pg. 1]. The Court denied that motion because Sicilia failed to state an extraordinary and compelling reason for his release, was a danger to the community, and did not show that a sentence reduction under the 18 U.S.C. § 3553(a) factors was warranted [Doc. 1008, pgs. 1-8].

Defendant currently is serving his sentence at FCI McDowell, and his projected release date is February 6, 2031. https://www.bop.gov/inmateloc/ (last visited Oct. 6, 2022). Defendant again moves for compassionate release [Doc. 1070]. He seeks compassionate release "[d]ue to the

fact that the mother of [his] children passed away." [*Id*., pg. 1]. Importantly, Defendant does not state whether he exhausted his administrative remedies for this most recent request, does not ask for appointment of counsel to help file a motion for compassionate release, and does not make any showing under applicable law as to why he is entitled to relief [*Id.*].

## II. LEGAL STANDARD

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) to provide district courts with the authority to modify a defendant's sentence and grant compassionate release

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…

18 U.S.C. § 3582(c)(1)(A).[1]

Under this amendment, district courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of the administrative remedies is a "mandatory condition" to

---

[1] The statute includes a separate basis for compassionate release which requires, among other prerequisites, that "the defendant is at least 70 years of age" and "has served at least 30 years in prison," but this provision does not apply to Defendant, as he is 37 years old and has only served approximately 3 years in the BOP. 18 U.S.C. § 3582(c)(1)(A)(ii).

2

defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim-processing rule," it may be waived or forfeited by the Government. *Id*. at 833-34. In this case, however, the Government has neither waived nor forfeited that requirement.

In addition to the procedural requirements, § 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission policy statements"; and (3) consider the factors in Section 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003-06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Additionally, the Sixth Circuit has clarified that when the defendant, rather than the BOP, files a motion for compassionate release, the Court "may skip step two of the [Section] 3582(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling' without consulting the policy statement in [U.S.S.G.] § 1B1.13." *Jones*, 980 F.3d at 1111.

### III. ANALYSIS

Here, Defendant fails to make a showing as to any of the above requirements for release. He does not state whether he has requested compassionate release from the warden of his BOP facility and, thus, cannot show that he exhausted his administrative remedies. Even if he had, Defendant's only stated reason for release is the alleged death of the mother of his children [*Id.*]. Although certainly an unfortunate event, Defendant fails to explain why the death of the mother of his children constitutes an extraordinary and compelling reason for his release. He does not allege that his children are without care or that the hardships they might now endure without their

mother rise to the level of an extraordinary and compelling reason for his release. *See* U.S.S.G. § 1B1.13 cmt. n.1(C)(i) (explaining that the death or incapacitation of the caregiver of the defendant's minor children may constitute an extraordinary and compelling reason for release); *see also Jones*, 980 F.3d at 1106; *Elias*, 984 F.3d at 519.

## IV. CONCLUSION

Accordingly, Defendant's *pro se* Motion for Compassionate Release [Doc. 1070] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge